OPINION
Appellant Jan Gialluca appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Jackson Local School District Board of Education ("Board of Education"). The following facts give rise to this appeal.
The Board of Education first hired appellant, as a part-time school monitor, with a one-year limited contract, for school year 1994-1995. On April 26, 1995, the Board of Education notified appellant of its intention not to re-employ appellant for that position. However, the Board of Education rehired appellant, as a part-time school monitor, with a one-year limited contract, for the school years 1995-1996, 1996-1997, 1997-1998 and 1998-1999. In the spring of each of these contract years, the Board of Education resolved not to re-employ appellant.
During her employment with the Jackson Schools, appellant was a member of the Jackson Classified Personnel Association. This association and the Board of Education negotiated and entered into a collective bargaining agreement which was in effect during appellant's employment with the Jackson Schools. The pertinent sections of this agreement, Articles VIII and XXX, provide as follows:
 8.01 Newly hired non-teaching personnel may be employed for a period of up to ninety (90) days without a contract, and may be released from employment during this pre-contract period without a statement or showing of reasons. Such release from employment shall not be subject to grievance, arbitration, or appeal of any form including 3319.081 O.R.C.
 8.02 After the ninety (90) day pre-contract period all employees shall enter into written probationary contracts for their employment which shall be for a period of not more than one (1) year (initial contract does not extend beyond June 30). Said probationary contract may be renewed four (4) times.
 8.03 If the contract of the non-teaching employee is renewed beyond the probationary period, the employee shall be continued in employment and the salary provided in the contract/salary notice may be increased, but not reduced, unless such reduction is a part of a uniform plan affecting all non-teaching employees of the entire district.
 8.04 The Board reserves the right to non-renew all probationary contracts without reason. Such notices shall be issued on or before the first day of June, in accordance with law.
* * *
 8.08 The Subsection above shall be used by the employee to the exclusion of the appeals process in 3319.081.
 XXX Number of Work Days in Work Year from July 1 through June 30.
Pursuant to the above language, on May 25, 1999, the Board of Education did not re-employ appellant. Thus, her one-year contract terminated on June 30, 1999. Also, pursuant to the above language, for the school year 1999-2000, appellant would have been entitled to continued contract status because an employee may be given up to only five, one-year probationary contracts.
In August 1999, Superintendent Joe Larson asked Assistant Principal Gary Wenning to contact appellant about the possibility of again employing her as a school monitor for the school year 1999-2000. Superintendent Larson asked Assistant Principal Wenning to determine whether appellant would consider employment as a school monitor under a one-year contract instead of continuing contract status. Assistant Principal Wenning contacted appellant and presented the proposition, of employment as a school monitor, with a one-year contract. Appellant did not agree to the condition of the one-year contract and informed Assistant Principal Wenning that she wanted to discuss the matter with an attorney. When Assistant Principal Wenning informed Superintendent Larson of his conversation with appellant, Superintendent Larson directed Assistant Principal Wenning to inform appellant that the offer was withdrawn.
On September 15, 2000, appellant filed a complaint for declaratory judgment and damages alleging that the Board of Educations' failure to hire her, because she wanted to discuss the terms of her employment with an attorney, violated public policy in Ohio. The Board of Education filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court granted the motion. However, prior to the trial court's judgment entry, appellant filed her first amended complaint. In the first amended complaint, appellant alleged the Board of Education wrongfully discharged her from her employment. The trial court reconsidered its entry of dismissal and reinstated appellant's case. The Board of Education timely filed its answer.
On March 21, 2001, appellant moved for leave to file a second amended complaint. The trial court granted appellant's motion and appellant filed her second amended complaint on April 30, 2001. In this complaint, appellant alleges the Board of Education's withdrawal of the offer of renewed employment was based upon appellant's statement that she would discuss the terms of the proposed employment with an attorney, and that the withdrawal of an offer of employment for that reason violates public policy.
The Board of Education moved for summary judgment on May 9, 2001. The trial court granted the Board of Education's motion on June 1, 2001. In doing so, the trial court concluded that appellant had no employment relationship with and was not discharged by the Board of Education. Judgment Entry, June 1, 2001, at 4. Although the Board of Education made an offer of employment, appellant did not accept the offer and the Board of Education subsequently withdrew the offer. Id. The trial court also concluded it was not a violation of public policy to withdraw an offer of employment because a potential employee wants to consult with an attorney. Id.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE JACKSON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION FOR SUMMARY JUDGMENT, AS A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER AN EMPLOYMENT RELATIONSHIP EXISTED BETWEEN PLAINTIFF/APPELLANT AND DEFENDANT/APPELLEE WHEN DEFENDANT/APPELLEE WITHDREW RENEWAL OF THAT RELATIONSHIP.
 II. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF/APPELLANT WAS NOT WRONGFULLY DISCHARGED BY DEFENDANT/APPELLEE IN VIOLATION OF PUBLIC POLICY.
 III. THE TRIAL COURT ERRED IN FINDING THAT IT IS NOT A VIOLATION OF PUBLIC POLICY TO WITHDRAW RENEWAL OF EMPLOYMENT BECAUSE THE POTENTIAL EMPLOYEE SOUGHT THE ADVICE OF AN ATTORNEY ABOUT A CONDITION OF THAT RENEWAL PRIOR TO ACCEPTING OR REJECTING IT.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's assignments of error.
 I, II
In her brief, appellant addresses her First and Second Assignments of Error simultaneously as they are interdependent. Appellant contends, in her First Assignment of Error, that the trial court erred when it granted the Board of Education's motion for summary judgment because a genuine issue of material fact exists as to whether an employment relationship existed between appellant and the Board of Education when the Board of Education withdrew its offer of employment. In her Second Assignment of Error, appellant maintains the trial court erred when it concluded that appellant was not wrongfully discharged by the Board of Education in violation of public policy. We disagree with both assignments of error.
In support of her First Assignment of Error, appellant argues that sufficient evidence exists for reasonable minds to conclude that appellant had an employment relationship with the Board of Education. Specifically, appellant refers to the fact that when Principal Glassburn gave her the notice of intent not to re-employ, effective the end of the school year, Principal Glassburn informed her that this was just standard procedure and that it had no value in actually ending her employment relationship and that she would be back the next school year.
Appellant also argues that in a letter dated June 28, 1999, Principal Glassburn indicated she would be returning to work for the 1999-2000 school year. Appellant contends that based upon this evidence, it is apparent that she had a continuing employment relationship with the Board of Education, as a part-time school monitor, on August 12, 1999, the day Assistant Principal Wenning withdrew the offer of re-employment for the 1999-2000 school year.
Although appellant attempts to persuade this court that statements made to her, by Assistant Principal Wenning and Principal Glassburn, and a letter drafted by Principal Glassburn created a contractual employment relationship, we conclude otherwise. We find the evidence clearly establishes the Board of Education, at its meeting on May 25, 1999, resolved not to re-employ appellant as either a bus monitor or a school monitor at the end of the contract year. Appellant received notice of the Board of Education's decision. Thus, as a matter of law, appellant's contractual employment relationship, with the Board of Education, terminated on June 30, 1999.
The law is clear that "[a] principal has no authority to bind a school board to a contract. School boards are creations of statute and have no authority than what has been conferred on them by statute or what is clearly implied therefrom." Wolf v. Cuyahoga Falls City Schools (1990),52 Ohio St.3d 222, 224. Further, R.C. 3313.33 provides, in pertinent part, that "* * * [n]o contract shall be binding upon any board unless it is made or authorized at a regular or special meeting of such board."
The record, in the case sub judice, contains no evidence that the Board of Education acted upon any offer, made by Assistant Principal Wenning or Principal Glassburn, to re-employ appellant for the 1999-2000 school year. In fact, the only action taken by the Board of Education, as it pertains to appellant, was to not re-employ her at the end of the contract year. Accordingly, we conclude an employment relationship did not exist between appellant and the Board of Education when the Board of Education withdrew its offer of re-employment for the 1999-2000 school year.
Appellant argues, in her Second Assignment of Error, that the Board of Education discharged her in violation of public policy. Having concluded that no employment relationship existed between appellant and the Board of Education, the Board of Education did not wrongfully discharge appellant from her position as a school monitor. Instead, the Board of Education merely decided not to re-employ appellant for the 1999-2000 school year.
Appellant's First and Second Assignments of Error are overruled.
 III
Appellant contends, in her Third Assignment of Error, that the trial court erred when it concluded that it is not a violation of public policy to withdraw renewal of employment because the potential employee sought the advice of an attorney about a condition of that renewal prior to accepting or rejecting the employment. We disagree.
In reaching the conclusion that the Board of Education did not violate public policy when it withdrew its offer to re-employ appellant, for the 1999-2000 school year, because appellant sought the advice of an attorney, the trial court relied upon the case of Valot v. SoutheastLoc. School Dist. Bd. of Educ. (1997), 124 Ohio App.3d 492. In Valot, the school board refused to re-hire three substitute bus drivers, after the expiration of their nine-month contracts, because they applied for and received unemployment compensation benefits over the summer. Id. at 494-496. The substitute bus drivers sued the school board alleging that the school board's refusal to renew their contract was unlawful under the public policy of Ohio and contrary to the Ohio Constitution. Id. at 496.
The trial court granted summary judgment on behalf of the school board and the substitute bus drivers appealed. Id. On appeal, the court of appeals found no violation of Ohio public policy because the substitute bus drivers were not at-will employees with an employment relationship but, instead, they were contractual employees with no existing contractual relationship. Id. at 497.
Appellant maintains the analysis in the Valot case should not apply to the case sub judice because no distinction can legitimately be drawn between an employer terminating an employment relationship because the employee exercises a right under public policy and a refusal to renew a long-standing relationship for the same reason. Appellant cites no case law to support this argument.
Based upon our review of the case law, we find the courts have recognized a public policy claim in termination of employment cases because the employee has a property interest in his or her employment. Appellant was a contractual employee, with no existing contractual relationship at the time the offer was withdrawn. Thus, appellant had no property interest in the renewal of her employment.
Appellant's Third Assignment of Error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.